UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JOSHUA BACHLEITNER and CYNTHIA LEON, <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN MEDICAL COLLECTION AGENCY, <br><br> Defendant. | CIVIL ACTION <br><br> COMPLAINT  2:17-cv-00044 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

NOW come JOSHUA BACHLEITNER ("Joshua") and CYNTHIA LEON ("Cynthia") (collectively, "Plaintiffs"), by and through their attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of AMERICAN MEDICAL COLLECTION AGENCY ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiffs bring this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, and the Indiana Deceptive Consumer Sales Act ("IDCSA") under I.C. 24-5-0.5 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Indiana and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Indiana.

## PARTIES

4. Joshua is a 42 year old natural person residing in Gary, Indiana, which falls within the Northern District of Indiana.

5. Joshua is a "person" as defined by 47 U.S.C. §153(39).

6. Joshua is a "person" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(2).

7. Joshua is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

8. Cynthia is a 39 year-old natural person residing at 2000 Tennessee Street, Gary, Indiana, which falls within the Northern District of Indiana.

9. Cynthia is a "person" as defined by 47 U.S.C. §153(39).

10. Cynthia is a "person" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(2).

11. Cynthia is a "consumer" as defined by 15 U.S.C. §1692(a)(3) of the FDCPA.

12. Defendant describes itself as follows: "Founded in 1977, AMCA is the leading recovery agency for patient collections. We are one of the Nation's top high volume lower balance agencies managing over $1BN in annual receivables for a diverse client base."[1] Defendant is in the business of collecting delinquent consumer medical debts of others, including debts allegedly owed by Cynthia.

13. Defendant is a "person" as defined by 47 U.S.C. §153(39).

14. At all times relevant to this complaint, Defendant was attempting to collect on a consumer "debt" as defined under 15 U.S.C. §1692 a(5) of the FDCPA.

---

[1] http://amcaonline.com/about.php

2

15. Defendant is a "supplier" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(3).

16. Defendant's collection calls to Plaintiffs were "consumer transactions" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(1)(C).

17. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

18. In 2016, Plaintiffs began receiving phone calls from Defendant to their cellular phone, (219) XXX-5615.

19. At all times relevant to the instant action, Cynthia was the account owner of the cellular phone ending in 5615, but Joshua has also been financially responsible for the cellular phone and its services. Both Plaintiffs are primary users of this cellular phone.

20. Defendant most often uses the phone number (844) 505-2988 to call Plaintiffs' cellular phone.

21. Upon information and belief, the phone number ending in 2988 is regularly utilized by Defendant to contact consumers during its debt collection activity.

22. Upon answering phone calls from Defendant, Plaintiffs experience a recorded message before they are connected with a live representative.

23. When Joshua answered one of Defendant's phone calls, it informed him that it was acting as a debt collector and was attempting to collect upon medical debt allegedly incurred by his girlfriend, "Cynthia Leon."

24. Joshua explained to Defendant that this debt did not belong to him and demanded that it stop contacting him.

25. When Cynthia answered one of Defendant's phone calls, it informed her that it was acting as a debt collector and was attempting to collect upon medical debt that she allegedly incurred. *Id.*

26. Cynthia explained to Defendant that this debt was covered by her insurance and demanded that it stop contacting her.

27. Despite their demands, Defendant has continued to regularly call Plaintiffs' cellular phone up until the present day.

28. Plaintiffs have received not less than 25 calls from Defendant since asking it to stop calling.

29. Frustrated over Defendant's conduct, Plaintiffs spoke with Sulaiman regarding their rights, resulting in expenses.

30. With the goal of ending Defendant's conduct, Plaintiffs have purchased and maintained an application on their cellular phone to block the calls.

31. Plaintiffs have been unfairly and unnecessarily harassed by Defendant's actions.

32. Plaintiffs have suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of their telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on their cellular phone, and diminished space for data storage on their cellular phone.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
(JOSHUA AND CYNTHIA AGAINST DEFENDANT)

33. Plaintiff repeats and realleges paragraphs 1 through 32 as though full set forth herein.

   a.   **Violations of the FDCPA §1692c(a)(1) and §1692d**

36. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in

4

any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

37. Defendant violated §1692c(a)(1), d and d(5) when it continuously called Plaintiffs after being notified to stop. This repeated behavior of calling Plaintiffs' phone at least 25 times after they each demanded that it cease contacting them was harassing and abusive. Joshua notified Defendant that the debt did not belong to him and he did not wish to be contacted. Similarly, Cynthia told Defendant that the alleged debt was covered by her insurance and demanded it to stop calling her. Despite Plaintiffs' efforts, Defendant continued its onslaught of phone calls to their cellular phone. The volume of calls shows that Defendant willfully ignored Plaintiffs' pleas with the goal of annoying and harassing them.

38. Defendant was notified by Plaintiffs that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiffs.

    **b. Violations of the FDCPA § 1692e**

39. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

40. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

41. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the alleged debt. Despite being told to cease contacting them, Defendant continued to relentlessly contact Plaintiffs via automated calls. Instead of stopping this behavior,

5

Defendant continued to systematically call Plaintiffs over 25 times in a deceptive attempt to force them to answer its calls. Through its conduct, Defendant misleadingly represented to Plaintiffs that it had the legal ability to contact them via automated calls when it no longer had consent to do so.

### c. Violations of FDCPA § 1692f

42. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiffs after being notified to stop. Attempting to coerce Plaintiffs into payment by placing voluminous phone calls after being notified to stop calling is unfair and unconscionable behavior.

43. As pled in paragraphs 28 through 32, Plaintiffs have been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, JOSHUA BACHLEITNER and CYNTHIA LEON, respectfully request that this Honorable Court enter judgment in their favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiffs statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiffs actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiffs costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
(CYNTHIA AGAINST DEFENDANT)

44. Plaintiff repeats and realleges paragraphs 1 through 43 as though full set forth herein.

   **a. Violations of the FDCPA §§1692b(2)-(3) and §1692c(b)**

45. The FDCPA, pursuant to §1692b(2), states that any debt collector "communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall not state that such consumer owes any debt." §1692b(3) further prohibits communicating "with such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information." Also, pursuant to §1692c(b), "a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."

46. Defendant violated §1692b(2), b(3), and c(b) when it repeatedly contacted Joshua seeking to collect upon a medical debt that allegedly belonging to his girlfriend Cynthia Leon. Joshua notified Defendant that the debt it was collecting upon was not his and to stop contacting him, but despite these prompts, it continued to ceaselessly call his cellular phone asking to speak with Cynthia regarding her medical debt. Defendant's attempts to speak with Plaintiff regarding his girlfriend's debt more than once for purposes other than location information was in violation of the FDCPA.

WHEREFORE, CYNTHIA LEON, respectfully request that this Honorable Court enter judgment in her favor as follows:

a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b.  Awarding Cynthia damages, in an amount to be determined at trial, as provided under I.C. 24-5-0.5-4(a)(1)(2);

c.  Awarding Cynthia costs and reasonable attorney fees as provided under I.C. 24-5-0.5-4(a);

d.  Enjoining Defendant to cease contacting Cynthia; and

e.   Awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT III – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**
(JOSHUA AND CYNTHIA AGAINST DEFENDANT)

47.  Plaintiffs repeats and realleges paragraphs 1 through 46 as though fully set forth herein.

48.  The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent.  The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

49.  Defendant used an ATDS in connection with its communications directed towards Plaintiffs' cellular phone.  The recorded message that Plaintiffs experienced during answered calls from Defendant before being connected to a live representative is instructive that an ATDS was being utilized to generate the phone calls.  Similarly, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

50.  Defendant violated the TCPA by placing phone calls to Plaintiffs' cellular phone using an ATDS without their consent.  Joshua never gave Defendant consent to contact him, as

this debt did not belong to him, but he told it to stop contacting him regardless. Any consent that Cynthia *may* have given was explicitly revoked by her demands to cease calling her cellular phone.

51. The calls placed by Defendant to Plaintiffs were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

52. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiffs for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiffs are otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, JOSHUA BACHLEITNER and CYNTHIA LEON, respectfully request that this Honorable Court enter judgment in their favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiffs damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiffs costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiffs; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT IV – VIOLATIONS OF THE INDIANA DECEPTIVE CONSUMER SALES ACT
(JOSHUA AND CYNTHIA AGAINST DEFENDANT)

53. Plaintiffs repeat and reallege paragraphs 1 through 52 as though fully set forth herein.

54. Defendant violated I.C. 24-5-0.5-3(a) and (b)(19) by engaging in an unfair, abusive and deceptive practice through its systematic collection efforts towards Plaintiff.

55. The IDCSA states:

> "A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction.

> Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction. An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations." I.C. 24-5-0.5-3(a).
>
> "Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier are deceptive acts: The violation by a supplier of 47 U.S.C. 227, including any rules or regulations issued under 47 U.S.C. 227." I.C. 24-5-0.5-3(b)(19).

56. Defendant engaged in unfair, abusive and deceptive behavior in its transactions with Plaintiffs. Through systematic and frequent collection attempts, Defendant has used an ATDS to relentlessly contact Plaintiffs. Defendant was specifically notified by Joshua that the debt it was seeking to collect upon did not belong to him, and both he and Cynthia reiterated their desires that they did not wish to be contacted. Any consent that Cynthia *may* have given to Defendant to be contacted via an ATDS was revoked. However, Defendant consciously ignored Plaintiffs' prompts in an abusive attempt to collect payment from them.

57. Placing numerous calls within a short window was abusive to Plaintiffs. Defendant intended to harass Plaintiffs into submission by causing their phone to ring repeatedly.

58. In violating the TCPA, Defendant engaged in illegal behavior during its collection efforts towards Plaintiffs. Defendant intended that Plaintiffs rely on its illegal behavior. The IDCSA was designed to protect consumers, such as Plaintiffs, from the exact behavior committed by Defendant.

59. The IDCSA further states:

> "A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater. The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1)

three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000)." I.C. 24-5-0.5-4(a)(1)(2).

60. Defendant's conduct is part of a purposeful and systematic scheme to illegally collect upon unsophisticated consumers who may not be aware of their rights. Defendant's conduct is an incurable deceptive act of which notice would not remedy.

61. Although unsuccessful, Plaintiffs made attempts to correct Defendant's incurable deceptive acts by demanding that it cease contacting them. The fact that Defendant was provided with multiple notices to stop calling and refused to abide by said notices, evidenced by calling Plaintiffs at least 25 times after they both told it to stop, shows that its behavior is incurable.

62. Defendant's conduct is part of a systematic scheme to fraudulently contact consumers in Indiana. Upon information and belief, Defendant conducts the same type of behavior on a wide and frequent basis, which goes against the state's goal of preventing the phone from frequently ringing with unwanted calls. Every call uses some of the phone owner's time and mental energy, both of which are precious.

63. In addition to inhibiting Plaintiffs' time and energy, as pled in paragraphs 28 through 34, Plaintiffs have suffered damages as a result of Defendant's unlawful conduct, including spending money on the purchase of a blocking application. Plaintiffs are entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).

WHEREFORE, JOSHUA BACHLEITNER and CYNTHIA LEON, respectfully request that this Honorable Court enter judgment in their favor as follows:

e. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

f. Awarding Plaintiffs damages, in an amount to be determined at trial, as provided under I.C. 24-5-0.5-4(a)(1)(2);

g.  Awarding Plaintiffs costs and reasonable attorney fees as provided under I.C. 24-5-0.5-4(a);

h.  Enjoining Defendant to cease contacting Plaintiffs; and

e.   Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: January 31, 2017                     Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Admitted in the Northern District of Indiana
Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150
Oak Brook, Illinois 60523
(630) 575-8181 x113 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com